## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL WENDT and OMAR JASSO, | ) | |
| Individually, and On Behalf | ) | |
| of All Others Similarly Situated, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| 24 HOUR FITNESS USA, INC., | ) | |
| | ) | |
|    Defendant. | ) | |

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT

Plaintiffs, Russell Wendt and Omar Jasso, individually, and on behalf of all others similarly situated, plead as follows against Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness"):

## I.

## PRELIMINARY STATEMENT

1. This class action is filed on behalf of certain Texas residents who entered into contracts with 24 Hour Fitness for a membership and access to a 24 Hour Fitness club location and/or for the provision of fitness or other services by 24 Hour Fitness and who paid dues and/or services fees to 24 Hour Fitness pursuant to those contracts.

2. The Texas Health Spa Act, Chapter 702 of the Texas Occupations Code ("Health Spa Act"), was enacted to protect the public against fraud, deceit, and financial hardship and to foster and encourage competition, fair dealing, and prosperity in the field of health club and spa

operations and services by prohibiting or restricting injurious practices involving health club and spa contracts and the marketing of health club and spa services.

3.      In order to achieve those goals, among other things, the Health Spa Act sets forth specific requirements and language for contracts between 24 Hour Fitness and its members, including Plaintiffs and all others similarly situated.  Contracts that do not comply with the Health Spa Act are void under Texas law, pursuant to § 702.311(1) of the Health Spa Act.

4.      24 Hour Fitness failed to include all of the mandatory language in its purported contracts with Plaintiffs and the other members of the Class and also materially changed mandatory language in the contracts.  24 Hour Fitness also violated the venue provision, the anti-waiver provision and the voiding provision of the Health Spa Act.  Accordingly, the purported contracts between 24 Hour Fitness and Plaintiffs and the other members of the Class are void.

5.      Plaintiffs' and the Class' claims against Defendant include the following:  (a) money had and received, (b) violations of the Health Spa Act, and (c) violations of the Texas Deceptive Trade Practices - Consumer Protection Act, Chapter 17 of the Texas Business and Commerce Code ("DTPA").  Plaintiffs and the Class seek recovery of all of the dues and services fees they paid to 24 Hour Fitness within the two (2) years prior to the filing of this suit, plus other relief as provided for by the Health Spa Act and the DTPA.

## II.

## PARTIES

6.      Plaintiff Russell Wendt ("Wendt") is a resident of Houston, Harris County, Texas.

7.      Plaintiff Omar Jasso ("Jasso") is a resident of Irving, Dallas County, Texas.

8.      Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness") is a corporation organized and existing under the laws of the State of California with its principal place of

business in San Ramon, California.  At all relevant times, 24 Hour Fitness has conducted business in the State of Texas.  24-Hour Fitness may be served with process by serving its registered agent for service of process in the State of Texas, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.

### JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more Class members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and at least one Class member is a citizen of a state different from the corporate domicile of 24 Hour Fitness.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 702.501 of the Health Spa Act, because 24 Hour Fitness maintains multiple health club facilities in and is thereby doing business in the district, numerous of the contracts and transactions that are the subject of this action were executed or occurred in the district, and one Plaintiff currently resides in the district.  Thus, a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

11.     The Court has personal jurisdiction over 24 Hour Fitness, which has at least minimum contacts with the State of Texas, because it conducts business in Texas on a regular basis and has availed itself of Texas' markets through its operation of health club facilities in Texas, its promotion, sales and marketing efforts to new customers within Texas, and by entering into contracts in Texas with Texas residents.

12.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## IV.

## FACTUAL BACKGROUND

### A.   Contracts Between 24 Hour Fitness and Plaintiffs

13.     24 Hour Fitness operates a chain of more than 400 fitness clubs in 18 states, including Texas.

14.     24 Hour Fitness has 89 locations within the State of Texas currently registered with the Texas Secretary of State.

15.     24 Hour Fitness has purported written contracts with its members for access to its health/fitness clubs and for its provision of fitness and other services.

16.     On or about October 17, 2010, Plaintiff Wendt entered into a Club Membership Agreement with 24 Hour Fitness (the "Wendt Contract").   A true and correct copy of the Wendt Contract is attached hereto as Exhibit 1 and incorporated herein by reference.

17.     Under the Wendt Contract, Plaintiff Wendt's club of enrollment was 24 Hour Fitness' club number 00307, located at 7622 Campbell Road, Dallas, Texas 75248.

18.     The Wendt Contract is 24 Hour Fitness version 24HR-V.07.10-TEX.

19.     Pursuant to the terms of the Wendt Contract, Plaintiff Wendt paid a total amount of $72.62 upfront for (1) $3.10 in dues for prorated days, (2) first month's dues in the amount of $31.99, (3) last month's dues in the amount of $31.99 and (4) taxes in the amount of $5.54.

20.     Plaintiff Wendt's monthly dues under the Wendt Contract are $31.99, which he has paid on a regular basis since the Wendt Contract was entered into.

21.     On or about March 27, 2012, Plaintiff Jasso entered into a Club Membership Agreement with 24 Hour Fitness (the "Jasso Contract").   A true and correct copy of the Jasso Contract is attached hereto as Exhibit 2 and incorporated herein by reference.

22.     Under the Jasso Contract, Plaintiff Jasso's club of enrollment was 24 Hour Fitness' club number 00344, located at 2407 West Airport Freeway, Irving, Texas 75062.

23.     The Jasso Contract is 24 Hour Fitness version 24HR-V.07.11-TX.

24.     Pursuant to the terms of the Jasso Contract, Plaintiff Jasso paid a total amount of $154.29 upfront for (1) an initiation fee in the amount $99.98, (2) first month's dues in the amount of $20.57, (3) last month's dues in the amount of $21.99 and (4) taxes in the amount of $11.75.

25.     Plaintiff Jasso's monthly dues under the Jasso Contract are $21.99, which he has paid on a regular basis since the Jasso Contract was entered into.

**B.     Mandatory Requirements for Health Spa Act Contracts.**

26.     Subchapter G of the Health Spa Act, entitled "CONTRACT REQUIREMENTS," sets forth specific language that must be included **verbatim** in a contract for membership in a health club or spa.

27.     Health Spa Act § 702.304 provides as follows:

Sec. 702.304.  CANCELLATION AND REFUND NOTICE.

(a)  Except as provided by Subsection (b), a contract must state in at least 10-point type that is boldfaced, capitalized, underlined, or otherwise conspicuously distinguished from surrounding written material:

(1)  "NOTICE TO PURCHASER:  DO NOT SIGN THIS CONTRACT UNTIL YOU READ IT OR IF IT CONTAINS BLANK SPACES."
(2)  "IF YOU DECIDE YOU DO NOT WISH TO REMAIN A MEMBER OF THIS HEALTH SPA, YOU MAY CANCEL THIS CONTRACT BY MAILING TO THE HEALTH SPA BY MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DAY YOU SIGN THIS CONTRACT A NOTICE STATING YOUR DESIRE TO CANCEL THIS CONTRACT.  THE WRITTEN NOTICE MUST BE MAILED BY CERTIFIED MAIL TO THE FOLLOWING ADDRESS:

(Address of the health spa home office)."

(3)  "IF THE HEALTH SPA GOES OUT OF BUSINESS AND DOES NOT PROVIDE FACILITIES WITHIN 10 MILES OF THE FACILITY IN WHICH YOU ARE ENROLLED OR IF THE HEALTH SPA MOVES MORE THAN 10 MILES FROM THE FACILITY IN WHICH YOU ARE ENROLLED, YOU MAY:

(A)  CANCEL THIS CONTRACT BY MAILING BY CERTIFIED MAIL A WRITTEN NOTICE STATING YOUR DESIRE TO CANCEL THIS CONTRACT, ACCOMPANIED BY PROOF OF PAYMENT ON THE CONTRACT TO THE HEALTH SPA AT THE FOLLOWING ADDRESS:

(Address of the health spa home office); AND

(B)  FILE A CLAIM FOR A REFUND OF YOUR UNUSED MEMBERSHIP FEES AGAINST THE BOND OR OTHER SECURITY POSTED BY THE HEALTH SPA WITH THE TEXAS SECRETARY OF STATE.  TO MAKE A CLAIM AGAINST THE SECURITY PROVIDE A COPY OF YOUR CONTRACT TOGETHER WITH PROOF OF PAYMENTS MADE ON THE CONTRACT TO THE TEXAS SECRETARY OF STATE.  THE REQUIRED CLAIM INFORMATION MUST BE RECEIVED BY THE SECRETARY OF STATE NOT LATER THAN THE 90TH DAY AFTER THE DATE NOTICE OF THE CLOSURE OR RELOCATION IS FIRST POSTED ON THE SECRETARY OF STATE'S INTERNET WEBSITE."

(4)  "IF YOU DIE OR BECOME TOTALLY AND PERMANENTLY DISABLED AFTER THE DATE THIS CONTRACT TAKES EFFECT, YOU OR YOUR ESTATE MAY CANCEL THIS CONTRACT AND RECEIVE A PARTIAL REFUND OF YOUR UNUSED MEMBERSHIP FEE BY MAILING A NOTICE TO THE HEALTH SPA STATING YOUR DESIRE TO CANCEL THIS CONTRACT.  THE HEALTH SPA MAY REQUIRE PROOF OF DISABILITY OR DEATH. THE WRITTEN NOTICE MUST BE MAILED BY CERTIFIED MAIL TO THE FOLLOWING ADDRESS:

(Address of the health spa home office)."

(b)  A health spa operator is required to include the statement under Subsection (a)(3)(B) in a contract only if the operator is required to post security with the secretary of state under Subchapter D.

28.     Health Spa Act § 702.305 provides as follows:

Sec. 702.305  PREPAYMENT REFUND NOTICE.

If a certificate holder offers for sale, or sells, memberships in a health spa before the date the health spa opens, the contract for the health spa must state in at least 10-point type that is boldfaced, capitalized, underlined, or otherwise conspicuously distinguished from surrounding written material:

"IF THE HEALTH SPA DOES NOT OPEN BEFORE (insert:  the date that is the 181st day after the date the membership is prepaid) OR IF THE NEW SPA DOES NOT REMAIN OPEN FOR THIRTY DAYS, YOU ARE ENTITLED TO A FULL REFUND OF THE MONEY YOU PREPAID. HOWEVER, IF ANOTHER HEALTH SPA, OPERATED BY (insert:  the name of the health spa registration holder), IS LOCATED WITHIN 10 MILES OF (insert:  the address of the proposed location of the new spa) AND IF YOU ARE AUTHORIZED TO USE THE OTHER FACILITIES, YOU ARE ENTITLED TO RECEIVE A FULL REFUND OF YOUR MEMBERSHIP FEES ONLY IF THIS LOCATION DOES NOT FULLY OPEN FOR BUSINESS BEFORE (insert:  the date that is the 361st day after the date the new spa first sells memberships) OR IF THE NEW SPA DOES NOT REMAIN OPEN FOR 30 DAYS."

C.     **24 Hour Fitness' Violations of the Mandatory Contract Requirements.**

29.     Neither the Wendt Contract nor the Jasso Contract complies with the verbatim mandatory language requirements set forth in Subchapter G, "CONTRACT REQUIREMENTS," of the Health Spa Act.  These violations make those contracts illegal and void under Texas law.

30.     Upon information and belief, all of the contracts pursuant to which Class members have paid dues and/or services fees to 24 Hour Fitness within the last two years have violated the Health Spa Act in the same manner as the Wendt Contract and the Jasso contract, making them also illegal and void under Texas law.  These contracts include, but are not limited to, the following version used by 24 Hour Fitness: a combination of 24HR-V.06.09-TX and 24HR-V.07.10-TX (the "Fitness Contract").  A true and correct copy of the Fitness Contract is attached hereto as Exhibit 3.  Hereinafter, this Complaint collectively refers to the Wendt Contract, the Jasso Contract, the Fitness Contract and all other contracts pursuant to which Class

members have paid dues and/or services fees to 24 Hour Fitness in Texas within the last two (2) years as the "Contracts."

31.     The Wendt Contract fails to state the statutorily required language set forth in the following specific provisions of the Health Spa Act, which, for purposes of this Complaint, will be identified as Requirement Nos. 1, 2, and 3 ("Requirement No. 1", "Requirement No. 2" and "Requirement No. 3"):

Requirement No. 1 - § 702.304(a)(3)(A) of the Health Spa Act;

Requirement No. 2 - § 702.304(a)(4) of the Health Spa Act; and

Requirement No. 3 - § 702.305 of the Health Spa Act.

32.     With respect to Requirement No. 1, § 702.304(a)(3)(A) of the Health Spa Act requires the following language:

> (A) CANCEL THIS CONTRACT BY MAILING BY CERTIFIED MAIL A WRITTEN NOTICE STATING YOUR DESIRE TO CANCEL THIS CONTRACT, ACCOMPANIED BY PROOF OF PAYMENT ON THE CONTRACT TO THE HEALTH SPA AT THE FOLLOWING ADDRESS:

> (Address of the health spa home office)

33.     The Wendt Contract violates Requirement No. 1 because it does not include the required language, but rather states as follows:

> CANCEL THIS CONTRACT BY MAILING A NOTICE TO 24 HOUR STATING YOUR DESIRE TO CANCEL THIS CONTRACT, ACCOMPANIED BY PROOF OF PAYMENT ON THE CONTRACT.

34.     More specifically, the Wendt Contract violates Requirement No. 1 because:  (a) it fails to include the required language that the cancellation notice must be sent by certified mail, and (b) because it fails to include the required address of 24 Hour Fitness' home office to which to mail the notice.

35.     With respect to Requirement No. 2, § 702.304(a)(4) of the Health Spa Act requires the following language:

> (4)  "IF YOU DIE OR BECOME TOTALLY AND PERMANENTLY DISABLED AFTER THE DATE THIS CONTRACT TAKES EFFECT, YOU OR YOUR ESTATE MAY CANCEL THIS CONTRACT AND RECEIVE A PARTIAL REFUND OF YOUR UNUSED MEMBERSHIP FEE BY MAILING A NOTICE TO THE HEALTH SPA STATING YOUR DESIRE TO CANCEL THIS CONTRACT.  THE HEALTH SPA MAY REQUIRE PROOF OF DISABILITY OR DEATH.  THE WRITTEN NOTICE MUST BE MAILED BY CERTIFIED MAIL TO THE FOLLOWING ADDRESS:
>
> (Address of the health spa home office)."

36.     The Wendt Contract violates Requirement No. 2 because it does not include certain required language, and it materially altered the required verbatim language by including other language not contained in the Health Spa Act, stating as follows:

> IF YOU DIE OR BECOME TOTALLY AND PERMANENTLY DISABLED AFTER THE DATE THIS CONTRACT TAKES EFFECT, YOU OR YOUR ESTATE MAY CANCEL THIS CONTRACT AND RECEIVE A PARTIAL REFUND OF YOUR UNUSED MEMBERSHIP FEE BY MAILING A NOTICE TO 24 HOUR STATING THAT YOU WANT TO CANCEL THIS CONTRACT.   PRORATED REFUNDS SHALL BE BASED UPON NUMBER OF PAID MONTHS AND DOES NOT INCLUDE BONUS TIME.  YOU ARE NOT ENTITLED TO ANY REFUND AFTER THE EXPIRATION OF THE PAID PERIOD OR FOR USED FITNESS SERVICES.

37.     More specifically, the Wendt Contract violates Requirement No. 2 because it fails to include the language that "The health spa [24 Hour] may require proof or disability of death." The Wendt Contract also violates Requirement No. 2 because it includes the following language not found in the Health Spa Act: "Prorated refunds shall be based on the number of paid months and does not include bonus time.  You are not entitled to any refund after the expiration of the paid period or for used fitness services."

38.     With respect to Requirement No. 3, § 702.305 of the Health Spa Act requires the following language:

> "IF THE HEALTH SPA DOES NOT OPEN BEFORE (insert:  the date that is the 181st day after the date the membership is prepaid) OR IF THE NEW SPA DOES NOT REMAIN OPEN FOR THIRTY DAYS, YOU ARE ENTITLED TO A FULL REFUND OF THE MONEY YOU PREPAID. HOWEVER, IF ANOTHER HEALTH SPA, OPERATED BY (insert:  the name of the health spa registration holder), IS LOCATED WITHIN 10 MILES OF (insert:  the address of the proposed location of the new spa) AND IF YOU ARE AUTHORIZED TO USE THE OTHER FACILITIES, YOU ARE ENTITLED TO RECEIVE A FULL REFUND OF YOUR MEMBERSHIP FEES ONLY IF THIS LOCATION DOES NOT FULLY OPEN FOR BUSINESS BEFORE (insert:  the date that is the 361st day after the date the new spa first sells memberships) OR IF THE NEW SPA DOES NOT REMAIN OPEN FOR 30 DAYS."

39.     The Wendt Contract violates Requirement No. 3 because it does not include the required language, but rather states as follows:

> IF THE HEALTH SPA DOES NOT OPEN WITHIN SIX (6) MONTHS AFTER YOU ENROLLED OR IF THE NEW SPA DOES NOT REMAIN OPEN FOR THIRTY DAYS, YOU ARE ENTITLED TO A FULL REFUND OF THE MONEY YOU PREPAID.  HOWEVER, IF ANOTHER HEALTH SPA, OPERATED BY 24 HOUR, IS LOCATED WITHIN 10 MILES OF THE CLUB IN WHICH YOU ARE ENROLLED AND IF YOU ARE AUTHORIZED TO USE THE OTHER FACILITIES, YOU ARE ENTITLED TO FULL REFUND OF YOUR MEMBERSHIP FEES ONLY IF THE LOCATION OF YOUR CLUB ENROLLMENT DOES NOT FULLY OPEN WITHIN ONE YEAR AFTER THE DATE 24 HOUR PRE-SELLS MEMBERSHIPS OR IF THE NEW SPA DOES NOT REMAIN OPEN FOR 30 DAYS.

40.     More specifically, the Wendt Contract violates Requirement No. 3 because it fails to include a specific date that is the "181st day after a membership is prepaid" or a specific date that is the "361st day after the date the spa first sells memberships" but rather merely states

"within six months after you enrolled" and "within one year after the date 24 Hour presells memberships," respectively.

41.     The Wendt Contract also violates Requirement No. 3 because the statute requires that the specific 181st day be the 181st day "after the date the membership is prepaid."   The Contract references "six months after you enrolled."

42.     The Wendt Contract also violates Requirement No. 3 because the statute requires that the specific 361st day be the 361st day "after the date the new spa first sells memberships." The Wendt Contract references "one year after the date 24 Hour pre-sells memberships."

43.     The Wendt Contract also violates Requirement No. 3 because the statute requires language stating that a customer that is authorized to use other facilities with 10 miles of where they intended to join is entitled to a refund if "this location does not fully open for business" before the 361st day after the day the new spa first sells memberships.   However, the Wendt Contract states that a customer is entitled to a full refund only "if the location of your club enrollment does not fully open" within one year after the date 24 Hour pre-sells memberships.

44.     The Fitness Contract, virtually identical to the Wendt Contract, violates Requirement Nos. 1, 2 and 3 in the exact same manner as the Wendt Contract.

45.     The Jasso Contract violates Requirement No. 3 in the exact same manner as the Wendt Contract.

46.     The following chart summarizes the violations of Requirement Nos. 1, 2 and 3 for the Wendt Contract, the Fitness Contract and the Jasso Contract:

| Language Requirement | Wendt Contract | Fitness Contract | Jasso Contract |
|---|---|---|---|
| 1.  § 702.304(a)(3)(A) | Yes | Yes | No |
| 2.  § 702.304(a)(4) | Yes | Yes | No |
| 3.  § 702.305 | Yes | Yes | Yes |

47.     As evidenced by the Fitness Contract, upon information and belief, all of the contracts entered into between 24 Hour Fitness and Class members, through and including the date of the execution of the Wendt Contract in 2010, pursuant to which Class members paid dues and/or services fees to 24 Hour Fitness within the last two (2) years, violated Requirement Nos. 1, 2 and 3, as set forth above. Despite the fact that some time after the execution of the Wendt Contract, 24 Hour Fitness started using the Jasso Contract version of its contract, which eliminated the violations of Requirement Nos. 1 and 2, upon information and belief, all of 24 Hour Fitness' contracts entered into from the time of the execution of the Wendt Contract in 2010 through the present, like the Jasso Contract, continue to at least violate Requirement No. 3 in all respects described above.

**D.**     **Filing of Suit and Permissible Venue Under the Health Spa Act.**

48.     Section 702.501(a) of the Health Spa Act, which is contained in Subchapter K, entitled "CIVIL REMEDY," states that "a member may file suit against a seller if: (1) the seller violates this chapter; and (2) the seller's violation causes injury to the member."

49.     Section 702.501(b) of the Health Spa act sets forth the permissible venue for any suit filed for a violation of the Health Spa Act (permitted by § 702.501(a)), and specifically states as follows:

> (b)     Venue for a suit filed under Subsection (a) is in a court located in:
>     (1)     Travis County; or
>     (2)     the county in which:
>         (A)     the seller resides;
>         (B)     the seller's principal place of business is located;
>         (C)     the seller is doing business;
>         (D)     the member resides; or
>         (E)     the transaction that is the subject of the suit occurred.

## E.     24 Hour Fitness' Violation of the Health Spa Act's Venue Section.

50.     The Contracts further violate the Health Spa Act because they all contain language purporting to create exclusive venue for any legal action related to the contracts in a court located in the county where the contracts were executed and to waive any objection by a member to that venue, contrary to § 702.501(b) of the Health Spa Act.

51.     With respect to venue, the Contracts specifically state as follows:

> Exclusive venue for any legal action related to this Agreement or your 24 Hour Fitness membership shall be brought in any federal or State court where the Agreement was executed ('Applicable Court'). The parties waive any objection that they have or may have to venue in the Applicable Courts including, but not limited to, any objection that the Applicable Courts are an inconvenient forum. In addition, the parties waive, to the fullest extent they may effectively do so, any objection that they have or may have to the transfer of any legal action to the Applicable Courts.

52.     In § 702.501(b), the Health Spa Act intentionally provides multiple alternative venues for a suit by a member against 24 Hour Fitness or another health club and spa operator for the convenience and protection of club members. By attempting to create exclusive venue in a court where the contracts were executed, and to have its members waive any objections to

venue, including the convenience of the forum, 24 Hour Fitness deliberately attempts to dissuade and limit the number of suits by its members, and it violates § 702.501(b) of the Health Spa Act.

**F.**    **Prohibitions against Fraudulent Inducement and Purported Waiver of Act's Provisions.**

53.    Section 702.311(3) of the Health Spa Act, which is contained in Subchapter G, entitled "CONTRACT REQUIREMENTS," provides that "[a] contract is void if … (3) the purchaser enters into the contract in reliance on false, fraudulent or misleading information willfully provided by, or a false, fraudulent or misleading representation, notice, or advertisement willfully made by, the seller or the health spa owner or operator."

54.    Section 702.401, contained in Subchapter I, entitled "PROHIBITED PRACTICES," provides that, "[a] person, including a person who buys a health spa membership from a former member, may not waive a provision of this contract or other means.  A purported waiver of this chapter is void."

**G.**    **24 Hour Fitness' Non-Reliance Provision Violates the Health Spa Act's Prohibition Against Waiver of the Sections of the Health Spa Act.**

55.    The Contracts all contain the following provision, "You acknowledge that neither 24 Hour, nor anyone else, made any representations or promises upon which you relied that are not stated in this agreement."  The purpose of this contractual term, if given effect, is to attempt to deprive a consumer of the ability to assert a claim that he or she entered into the contract "in reliance on false, fraudulent, or misleading information willfully provided by, or a false, fraudulent, or misleading representation, notice, or advertisement willfully made by the seller or the health spa owner or operator."  Thus, the non-reliance provision in the Contracts is intended to constitute a waiver of the consumer's statutory right to assert a fraudulent inducement claim provided by § 702.311(3).  It thus violates § 702.401, which prohibits waiver of any provisions of the Health Spa Act by contract.

H.     **24 Hour Fitness' Severability Clause Violates the Act's Anti-Waiver and Voiding Sections.**

56.     The Contracts all provide that, "[i]f a court declares any part of the agreement invalid, it will not invalidate the remaining parts, which continue unaffected."  Pursuant to this provision, if a court were to declare a contract provision invalid because it violates the explicit terms of the Health Spa Act, it would purportedly be required to invalidate just that provision and enforce the rest of the contract terms.  However, as previously noted, § 702.311(1) voids the entire contract if a provision violates the Act, "[a] contract is void if:  … (1) the contract or an assignment of the contract does not comply with this chapter."  This language does not say:  "if any *provision* in a contract does not comply with this chapter, *such provision* is void."  Rather, it says that if *"the contract"* does not comply with the Act, *"the contract* is void," not just some part of the contract is void.  As also previously noted, § 702.401 prohibits waiver of the sections of the Health Spa Act.

57.     These two sections of the Health Spa Act constitute a statutory prohibition against severability clauses in health spa contracts.  Thus, the severability provision in the Contracts violates the anti-waiver section of the Health Spa Act and the section of the Health Spa Act making the entire contract void if any contractual provision violates the Health Spa Act.

I.     **24 Hour Fitness' Violations of the Health Spa Act Render the Contracts Illegal and Void.**

58.     As set forth above, the Contracts violate the Health Spa Act by: (a) failing to include and altering the required mandatory language; (b) violating the statutory venue section of the Health Spa Act with the venue provision; (c) violating the anti-waiver section of the Health Spa Act with the non-reliance provision; and (d) violating the anti-waiver and voiding sections of the Health Spa Act with the severability provision.  Thus, all of the Contracts between 24 Hour Fitness and the Class members pursuant to which Class members paid dues and/or services fees

to 24 Hour Fitness in Texas within the last two (2) years violated the Health Spa Act, making them illegal and void under Texas law, pursuant to § 702.311(1) of the Health Spa Act, which provides that "A contract is void if … (1) the contract or an assignment of the contract does not comply with this chapter."

**J.**       **24 Hour Fitness is Collaterally Estopped from Challenging the Illegality and Voidness of the Contracts.**

59.      On June 18, 2013, Nicholas M. Kriofske filed Plaintiff's First Amended Original Petition (the "Kriofske Petition") against 24 Hour Fitness in *Nicholas M. Kriofske v. 24 Hour Fitness USA, Inc.,* Cause No. CC-12-06270-D in the County Court at Law No. 4, Dallas County, Texas (the "Kriofske Litigation"), a true and correct copy of which is attached hereto as Exhibit 4.  In the Kriofske Petition, the plaintiff requested a declaratory judgment that his contract (the contract attached hereto as Exhibit 3 and referred to herein as the Fitness Contract) was void based upon the exact same violations of the Health Spa Act pled herein.  On July 23, 2013, Kriofske filed Plaintiff's Motion for Partial Summary Judgment (the "Kriofske Motion") seeking summary judgment that the contract was void based upon the same violations of the Health Spa Act complained of herein, a true and correct copy of which Kriofske Motion is attached hereto as Exhibit 5.

60.      On August 29, 2013, County Court at Law No. 4 entered its Order on Plaintiff's Motion for Partial Summary Judgment (the "Kriofske Judgment") in which it declared the Fitness Contract void for violating the Health Spa Act in the same manners set forth herein, a true and correct copy of which is attached hereto as Exhibit 6.  On November 8, 2013, Kriofske and 24 Hour Fitness filed an Agreed Motion to Dismiss With Prejudice, which motion was granted, and the cause dismissed, on November 13, 2013.  The Kriofske Judgment collaterally

estops 24 Hour Fitness from arguing in this case that its Contracts are not void for the reasons pled herein.

## V.

## CLASS ALLEGATIONS

61.    This class action is filed on behalf of all persons who, within two years prior to the filing of this action, paid dues and/or fees for services to 24 Hour Fitness ("dues and services fees") pursuant to contracts with 24 Hour Fitness for membership in or access to any 24 Hour Fitness location in Texas or for the provision of services at any 24 Hour Fitness location in Texas (the "Class").

62.    Pursuant to § 702.003(14) of the Health Spa Act and for purposes of this action, "services" means the "programs, plans, guidance, or instruction" that 24 Hour Fitness provides for its members, including "diet planning, exercise instruction and programs, and instructional classes."

63.    Excluded from the Class are:

(a)  24 Hour Fitness and its officers, directors, or employees;

(b)  All Judges to whom this case is ever assigned and the members of their immediate families;

(c)  Persons with currently asserted claims for personal injury, wrongful death and/or emotional distress against 24 Hour Fitness;

(d)  All attorneys representing Plaintiffs or the Class; and

(e)  Any person having entered into a release of claims with 24 Hour Fitness concerning these allegations prior to the certification of this class.

64.     The Class Period runs from two years before the date this action was filed until the date of class certification.

65.     Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

66.     The Class as defined is identifiable and unambiguous based on objective information and criteria, including the computer and paper records regularly maintained by 24 Hour Fitness in its regular course of business.

67.     Upon information and belief, 24 Hour Fitness has collected dues and services fees pursuant to purported written contracts with hundreds of thousands of Texas residents during the Class Period within the last two years.  The Class is thus so numerous as to make it impracticable to bring all members of the Class individually before the Court.

68.     Plaintiffs are members of the Class.  Plaintiffs' claims are typical of, if not identical to, the claims of the rest of the Class.  Plaintiffs entered into the Contracts with 24 Hour Fitness which violated the Health Spa Act and are therefore void.  The other members of the Class also entered into contracts with 24 Hour Fitness that violated the Health Spa Act in the exact same manner and which, therefore, are also void.  Plaintiffs' claims thus arise from the same factual pattern and under the same legal theories as all of the other members of the Class.

69.     Plaintiffs will fairly and adequately represent the Class.  Plaintiffs are willing and able to serve as representatives of the Class, and they have no interests which are antagonistic to the Class.  Plaintiffs have retained competent counsel experienced in complex and class litigation, including class actions involving consumer protection issues, to provide representation of Plaintiffs and the Class.

70.     There are questions of law and fact to be decided by the Court and jury common to all members of the Class which will predominate over any issues affecting only individual Class members.  These common questions of law and fact include:

(a) Whether the Contracts violate the contract requirements of the Health Spa Act;

(b) Whether the Contracts violate the venue provision of the Health Spa Act;

(c) Whether the Contracts violate the anti-waiver and voiding provisions of the Health Spa Act;

(d) Whether the Contracts are illegal and void under the Health Spa Act;

(e) Whether 24 Hour Fitness has money that in equity and good conscience belongs to Plaintiffs and the other Class members in the form of the dues and services fees it collected from them pursuant to illegal and void contracts;

(f) Whether 24 Hour Fitness violated the Health Spa Act as to Plaintiffs and the other members of the Class;

(g) Whether Plaintiffs and the other Class members suffered injuries proximately caused by 24 Hour Fitness' violations of the Health Spa Act alleged herein in the amount of the dues and services fees they paid to 24 Hour Fitness;

(h) Whether Plaintiffs and the other Class members are entitled to recover damages caused by 24 Hour Fitness' violations of the Health Spa Act, including actual damages consisting of the dues and services fees paid to 24 Hour Fitness, treble damages, interest, attorneys' fees and costs of suit;

(i) Whether 24 Hour Fitness' conduct violated of DTPA § 17.50(3);

(j) Whether 24 Hour Fitness' violations of DTPA § 17.50(3) were a producing cause of economic damages to Plaintiffs and the other Class members, entitling them to recover damages caused by such violations of the DTPA, including economic damages consisting of the dues and services fees they paid to 24 Hour Fitness, treble damages, interest, attorneys' fees and costs of suit;

(k) Whether Plaintiffs and the other Class members are entitled to equitable relief for 24 Hour Fitness' violations of the Health Spa Act, including, but

not limited to, restitution/disgorgement of the dues and services fees they paid to 24 Hour Fitness; and

(l)     Whether Plaintiffs and the other Class members are entitled to equitable relief for 24 Hour Fitness' violations of the DTPA, including, but not limited to, restitution/disgorgement of the dues and services fees they paid to 24 Hour Fitness.

71.     A class action provides a fair and efficient method for adjudicating this controversy.   The substantive claims of Plaintiffs and the other members of the Class are identical and will require evidentiary proof of the same kind and application of the same law to those facts.

72.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the Class members number in the hundreds of thousands and individual damages are relatively low compared to the cost of suit.   The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually.

73.     Trial of Plaintiffs' and the Class' claims is manageable.   Damages can be precisely calculated based upon objective data and criteria.   Absent certification of a class, the Class members will be effectively precluded from protecting and enforcing their legal rights, and 24 Hour Fitness would be permitted to retain the illegal charges it collected from Plaintiffs and the other Class members.

74.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class.

## VI.

## CAUSES OF ACTION

### A.        Count One: Money Had and Received

75.     Plaintiffs, on behalf of themselves and the other Class members, incorporate all preceding and subsequent paragraphs as if set forth here fully verbatim and further allege:

76.     Plaintiffs and the Class members entered into the Contracts with 24 Hour Fitness for membership in and access to 24 Hour Fitness health club locations in Texas and for provision of training and other services at 24 Hour Fitness locations in Texas.

77.     The Contracts violate the Health Spa Act and are thus illegal and void pursuant to § 702.311(1) of the Health Spa Act.

78.     24 Hour Fitness holds money, namely the dues and services fees paid by Plaintiffs and the Class members pursuant to the illegal and void contracts, which in equity and good conscience belongs to Plaintiffs and the other Class members.

79.     Based upon money had and received, Plaintiffs and the Class members are entitled to recover the full amount of all dues and services fees they paid to 24 Hour Fitness within the last two (2) years.

### B.        Count Two: Violation of Health Spa Act

80.     Plaintiffs, on behalf of themselves and the other Class members, incorporate all preceding and subsequent paragraphs as if set forth here fully verbatim and further allege:

81.     24 Hour Fitness violated the Health Spa Act by failing to include verbatim the required statutory language set forth in §§ 702.304 and 702.305 in the Contracts it entered into with Plaintiffs and the other Class members and materially changing the required verbatim language in the contracts.  24 Hour Fitness also violated the Health Spa Act by including an

exclusive venue provision in the Contracts, contrary to the permissible venues for a suit for violations of the Health Spa Act set forth in § 702.501(b) of the Health Spa Act.  24 Hour Fitness also violated the Health Spa Act by including an anti-reliance provision in the Contracts, contrary to the prohibition against fraudulent inducement found in § 702.311(3) and the anti-waiver provision found in § 702.401 of the Health Spa Act.  24 Hour Fitness also violated the Health Spa Act by including a severability provision in the Contracts in violation of the anti-waiver provision found in § 702.401 and the voiding provision found in § 702.311(1) of the Health Spa Act.  Pursuant to § 702.501 of the Health Spa Act, Plaintiffs and the Class members may file suit against 24 Hour Fitness for these violations.

82.     24 Hour Fitness' violations of the Health Spa Act as set forth above proximately caused injury to Plaintiffs and the other Class members in the form of the dues and services fees they paid to 24 Hour Fitness pursuant to the Contracts, which are illegal and void pursuant to § 702.311(1) of the Health Spa Act.

83.     Pursuant to § 702.503 of the Health Spa Act, Plaintiffs and the Class members are entitled to recover (1) their actual damages, consisting of all of the dues and services fees they paid to 24 Hour Fitness within the last two (2) years or (2) equitable relief in the form of restitution of all of the dues and services fees they paid to 24 Hour Fitness within the last two (2) years, and (3) punitive damages, and (4) their reasonable attorneys' fees and costs of court.

C.     **Count Three: Violation of DTPA**

84.     Plaintiffs, on behalf of themselves and the Class members, incorporate all preceding and subsequent paragraphs as if set forth here fully verbatim and further allege:

85.     Plaintiffs and all the other members of the Class are "consumers" as defined in Tex. Bus. & Com. Code § 17.45(4).

86.     24 Hour Fitness' entry into the illegal and void Contracts with Plaintiffs and the Class members and collection of dues and services fees pursuant to the Contracts, as described herein, violated DTPA § 17.50(3), because 24 Hour Fitness' conduct constituted unconscionable actions or a course of unconscionable actions by 24 Hour Fitness.  By drafting and using contracts that violated the Health Spa Act and were thus illegal and void, 24 Hour Fitness committed acts or practices which, to Plaintiffs' and the Class members' detriment, took advantage of their lack of knowledge, ability, experience or capacity to a grossly unfair degree.

87.     24 Hour Fitness' acts and practices violated the underlying purpose of the Health Spa Act, protection of the public, including Plaintiffs and the other Class members, from fraud, deceit and financial hardship.

88.     24 Hour Fitness' violations of DTPA § 17.50(3) were the producing cause of actual economic damages to Plaintiffs and the other members of the Class equal to the amount of dues and services fees they paid to 24 Hour Fitness within the last two (2) years pursuant to the Contracts, which they seek to recover from 24 Hour Fitness pursuant to DTPA § 17.50(b)(1). Alternatively, Plaintiffs and the other Class members seek disgorgement and/or restitution of the dues and services fees they paid to 24 Hour Fitness within the last two (2) years and any other equitable relief to which they are entitled pursuant to DTPA § 17.50(b)(3).

89.     In addition to their actual economic damages, pursuant to DTPA § 17.50(d), Plaintiffs and the other Class members are entitled to recover their reasonable and necessary attorneys' fees and court costs.

90.     24 Hour Fitness committed the conduct in question knowingly or intentionally, pursuant to DTPA § 17.50(b), as evidenced by the fact that a simple comparison of the Health Spa Act and the Contracts reveals the violations of the Health Spa Act.  Because it did so,

Plaintiffs and the other Class members are entitled to recover additional damages of not more than three times the amount of their economic damages.

91.     Pursuant to DTPA § 17.505(b), Plaintiffs were not required to give 24 Hour Fitness sixty (60) days' written notice of their specific complaint and the amount of their economic damages and expenses, including attorneys' fees, because giving written notice was impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations with respect to portions of Plaintiff Wendt's damages and those of many other Class members.

## VII.

## REQUEST FOR RELIEF

92.     Plaintiffs and the other Class members request that the Court grant them the following relief:

(a)     Enter an order certifying that this action may be maintained as a class action, as defined above, under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Enter an order appointing Plaintiffs as the representatives of the Class;

(c)     Enter an order appointing the undersigned counsel as Class Counsel;

(d)     Enter an order directing that reasonable notice of the pendency of the class action be provided to all members of the Class at the appropriate time;

(e)     Enter judgment for actual compensatory damages on behalf of Plaintiffs and the Class;

(f)     Enter judgment for additional damages under the DTPA;

(g)     Enter judgment for disgorgement and/or restitution of the dues and services fees paid by Plaintiffs and the other Class members to 24 Hour Fitness;

(h)     Enter judgment for injunctive relief as permitted by law or equity, including enjoining 24 Hour Fitness from continuing the unlawful practices alleged herein;

(i)     Enter judgment for reasonable attorneys' fees, costs and expenses as provided by the Health Spa Act, the DTPA and the common fund doctrine;

(j)     Enter judgment for punitive damages under the Health Spa Act;

(k)     Enter judgment for prejudgment and post-judgment interest at the highest rates available at law or in equity; and

(l)     Enter judgment for such other and further relief as allowed by law and equity that the Court deems just and proper.

## VIII.

## **DEMAND FOR JURY TRIAL**

93.     Plaintiff and the Class Members hereby demand a jury trial on all claims so triable in this action.

Respectfully submitted,

/s/ Roger L. Mandel
Roger L. Mandel (TX State Bar No. 12891750)
Bruce E. Bagelman (TX State Bar No. 01509700)

*Lackey Hershman, L.L.P.*
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Telephone:    214-560-2201
Fax:               214-560-2203
Email:           rlm@lhlaw.net
                     beb@lhlaw.net


/s/ David V. Marchand
David V. Marchand (TX State Bar No. 00791173)

*Marchand & Rossi, LLP*
10440 N. Central, Suite 1425
Dallas, Texas 75231
Telephone:    (214) 378-1043
Fax:               (214) 378-6399 Fax
Email:           dave@mrlaw.com

**ATTORNEYS FOR PLAINTIFFS AND THE CLASS**