UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL WENDT and OMAR JASSO, Individually, and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. 3:13-CV-04910-K |
| 24 HOUR FITNESS USA, INC., | § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Class Certification (Doc. No. 47). The Court's order denying Defendant 24 Hour Fitness USA, Inc.'s Rule 12(b)(1) Motion to Dismiss for Lack of Standing (Doc. No. 72) entered on October 15, 2014 is **vacated**. Because Plaintiffs fail to allege injury, they do not have standing to sue. Therefore, the Court **grants** Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Standing, and Plaintiffs' claims are **dismissed without prejudice**. Plaintiffs' Motion for Class Certification is **denied as moot**.

### I. Factual and Procedural Background

Plaintiffs Russell Wendt ("Wendt") and Omar Jasso ("Jasso") (collectively "Plaintiffs") are former members of 24 Hour Fitness USA, Inc. ("24 Hour"). Wendt was a member of 24 Hour from October 17, 2010 to January 14, 2014. In return for his membership dues, Wendt states he was given access to a gym. Jasso was a member of 24

1

Hour from March 27, 2012 to January 21, 2014. Jasso claims he expected to receive access to the gym in return for his membership and that he did receive access to the gym.

Plaintiffs filed suit on December 17, 2013 alleging their contracts violate the Texas Health Spa Act ("Health Spa Act"). The purpose of the Health Spa Act is to protect the public against fraud, deceit, and financial hardship and to encourage competition and fair dealing in health spa operations and services by prohibiting and restricting harmful practices involving health spa contracts and the marketing of health spa services. Tex. Occ. Code Ann. §702.002.

Defendant filed a Rule 12(b)(6) Motion to Dismiss Plaintiffs' Original Class Action Complaint on February 7, 2014, which the Court denied on April 15, 2014. Plaintiffs filed Plaintiffs' First Amended Class Action Complaint on August 19, 2014. Defendant filed a Rule 12(b)(1) Motion to Dismiss for Lack of Standing on September 2, 2014, which the Court denied on October 15, 2014. Plaintiffs filed Plaintiffs' Motion for Class Certification on September 2, 2014. The Court now re-examines Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Standing. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999))).

    II.    **Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Standing**

Defendant argues that this Court does not have jurisdiction because Plaintiff has

not suffered an injury. Plaintiffs argue that they were injured when they paid on contracts that are void because they violate the Health Spa Act.

## A.     Rule 12(b)(1) Motion to Dismiss Standard

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) permits a party to challenge the subject matter jurisdiction of the district court to hear the case. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied,* 536 U.S. 960 (2002). A court may find a lack of subject matter jurisdiction based upon either 1) the complaint alone; 2) the complaint supplemented by undisputed facts in the record; or 3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).

When challenging subject matter jurisdiction under Rule 12(b)(1), a party can make a "facial attack" or a "factual attack." *Paterson v. Weinberger*, 644 F.2d 521, 523(5th Cir. 1981); *Williams v. Holder,* No. 3:13-CV-2179-O, 2014 WL 4722627, at *2 (N.D. Tex. Sept. 23, 2014) (O'Connor, J.). If the party merely files a Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true. *Id.* If a party submits evidence in support of its Rule 12(b)(1) motion, the moving party makes a factual attack on subject matter jurisdiction, and the nonmovant must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction. *Id.*; *IBEW-NECA Sw. Health & Benefit Fund v. Winstel*, No. 3-06-CV-0038-D, 2006 WL 954010, at *1 (N.D. Tex. Apr. 12, 2006) (Fitzwater, J.) (internal

citation omitted). A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Assn. of Mississippi, Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998).

Federal courts have jurisdiction only where a case or controversy is presented by a party with standing to litigate. *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 25 (5th Cir. 1997). Lack of Article III standing is a defect in subject matter jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-61 (1992); *see also Cobb v. Central States Southwest and Southeast Areas Pension Fund,* 461 F.3d 632, 635 (5th Cir. 2006), *cert. denied,* 127 S.Ct. 1153 (2007) (standing is an issue of subject matter jurisdiction); *McNair v. United States Postal Svc.,* 768 F.2d 730, 737 (5th Cir. 1985) (lack of standing robs the court of jurisdiction to hear the case). Accordingly, the Court must determine whether Plaintiffs have standing to sue.

To establish standing, Plaintiffs must establish that they have suffered an injury in fact, that the injury is fairly traceable to the defendants' actions, and that the injury will likely be redressed by a favorable decision. *Lujan,* 504 U.S. at 590; *Energy Management Corp. v. City of Shreveport,* 397 F.3d 297, 301 (5th Cir. 2005); *Public Citizen, Inc. v. Bomer,* 274 F.3d 212, 217 (5th Cir. 2001). "An injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Energy Management,* 397 F.3d at 301 (internal quotations and citation omitted).

B.     Applicable Law

Under §702.501(a) of the Health Spa Act, a member may file suit against a seller if: (1) the seller violates chapter 702 and (2) the seller's violation causes injury to the member.  Texas courts have not addressed the issue of injury under the Health Spa Act, but courts in other jurisdictions have.  Courts in other jurisdictions have found a plaintiff lacks standing to sue under the state's version of a health club act when the plaintiff cannot allege injury, even if the contract violates the act.  *Pickering v. 24 Hour Fitness USA, Inc.*, No. CGC-05-446492, 2009 WL 7038821 (Sup. Ct. Cal. June 8, 2009) (putative class action plaintiff lacked standing to sue because she failed to allege injury as a result of contract's deficiencies under California's Health Studio Services Act);  *Ruiz v. Bally Total Fitness Holding Corp.*, 447 F.Supp.2d 23 (D. Mass. 2006) (putative class action plaintiff lacked standing when she failed to allege any injury caused by contractual language that did not meet the requirements of the Massachusetts Health Club Act); *Sokoloff v. Town Sports Intern. Inc.,* 6 A.D.3d 185 (N.Y. App. Div. 2004) (plaintiff lacked standing to sue when she failed to allege any injury caused by contract's failure to include language required by the New York's Health Club Services Law and her claim for money had and received was properly dismissed because plaintiff bargained for and received use of the health club.); *DeRiso v. Synergy USA*, 6 A.D.3d 152 (N.Y. App. Div. 2004) (plaintiff's suit for contractual violations under the New York Health Club Services Law was properly dismissed because she failed to state any loss and declaratory relief was not granted because an

5

actual controversy was not stated ); *Melino v. Equinox Fitness Club*, 6 A.D.3d 171 (N.Y. App. Div. 2004) (plaintiff never alleged she sustained loss or damage because of alleged contractual violations under New York's Health Club Services Law so she had no injury and, therefore, no standing to sue).

"A federal court may not issue a declaratory judgment unless there exists an actual controversy." *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998). The actual controversy required is identical to the case or controversy required for Article III standing. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (internal quotations and citations omitted). A plaintiff can meet the standing requirements for declaratory relief by establishing actual present harm or a significant possibility of future harm. *Bauer*, 341 F.3d at 357. An actual controversy must exist at all stages of the litigation, not only at the time the complaint is filed. *Id.* at 358. It is well established that § 2201 of the Declaratory Judgment Act does not confer subject matter jurisdiction on a federal court where none otherwise exists. *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997).

The Court cannot award relief pursuant to the Texas Declaratory Judgment Act because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules. *Falk v. Wells Fargo Bank*, No. 3:09-CV-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (Boyle, J.) *aff'd sub nom. Estate of Falk v. Wells Fargo Bank, N.A.*, 541 F. App'x 481 (5th Cir. 2013); *Rhodes v. Prince*, No. 3:05-CV-2343-D, 2006 WL 954023, at *4 (N.D. Tex. Apr. 11, 2006) (Fitzwater, J.)

*aff'd sub nom. Rhodes v. City of Arlington*, 215 F. App'x 329 (5th Cir. 2007) (citing *Self-Ins. Inst. of Am., Inc. v. Korioth*, 53 F.3d 694, 697 (5th Cir. 1995)).

### C. Analysis

Defendants assert that Plaintiffs have not suffered any injury, and therefore, do not have standing to bring this action. For this reason, they assert this action must be dismissed. Plaintiffs respond that they have suffered injury because they paid on a contract that did not adhere to the requirements stated in the Health Spa Act, making the contract void. The Court disagrees with Plaintiffs and finds that Plaintiffs lack standing because there are no facts indicating Plaintiffs suffered injury.

Plaintiffs state five causes of action in their First Amended Class Action Complaint: (1) money had and received; (2) violation of the Health Spa Act; (3) violation of the Texas Deceptive Trade Practices Act; (4) request for declaratory judgment pursuant to the Uniform Declaratory Judgment Act; and (5) request for Declaratory Judgment pursuant to the Health Spa Act. Wendt and Jasso claim that certain provisions of their contracts violate the Health Spa Act.

First, Plaintiffs allege that 24 Hour violated the Health Spa Act by including an exclusive venue provision. §702.501(b) of the Health Spa Act states where venue is proper, including the county in which the member resides, the transaction that is the subject of the suit occurred, the seller resides or is doing business, or the seller's principal place of business is located. Section 7 of Wendt's and Jasso's contracts provides that venue for any legal action related to their 24 Hour membership agreement must be

brought in any federal or state court where the agreement was executed. Further, the contract states that Plaintiffs waive any objection they have or may have to venue stated in the contract.

Both Wendt and Jasso say that they were not impacted by the language in Section 7 of their contracts. They were able to bring suit in the Northern District of Texas, which was their preferred venue.

Second, Plaintiffs allege that 24 Hour violated the Health Spa Act by including an anti-reliance provision, which eliminates Plaintiffs' ability to claim that they were fraudulently induced into entering into the contract or that 24 Hour made a material misrepresentation regarding certain aspects of the health club, services, or membership. An anti-reliance provision violates the Health Spa Act's prohibition against waiver of its provisions. Under §702.311(3) of the Health Spa Act, a contract is void if entered "in reliance on false, fraudulent, or misleading representation, notice, or advertisement wilfully made by, the seller or the health spa owner or operator."

Further, §702.402(a)(2) states that a health club cannot make a material misrepresentation to a prospective member regarding certain aspects of the health spa, including the qualifications of the staff; the availability, quality, or extent of the facilities or services; the results obtained through exercise or diet; membership rights; or the period during which a special offer or discount will be available. Provisions in Chapter 702 cannot be waived. Tex. Occ. Code Ann. §702.401. A waiver of provisions in Chapter 702 is void. *Id*.

Section 5(d) of Wendt's and Jasso's contracts states that 24 Hour Fitness did not make any promises or representations upon which Plaintiffs relied that are not included in the written agreement.  Section 5(d) also states that the written document contains the entire agreement between 24 Hour and Plaintiffs and replaces any other agreements, representations, or promises between 24 Hour and Plaintiffs regarding the subject matter of the agreement.

Plaintiffs allege that the provisions in Section 5(d) of their contracts are intended "to constitute a waiver of the member's statutory right to assert a fraudulent inducement claim provided by §702.311(3) and the misrepresentation to a member provided by §702.402(a)(2)." Plaintiffs' First Amended Class Action Complaint, page 9.  They allege that such language violates the Health Spa Act's prohibition against waiver of its provisions.  Both Wendt and Jasso state they were not personally impacted by the Section 5(d) provision in their contracts regarding fraudulent inducement or misrepresentation.  Wendt claims he was not fraudulently induced into signing the contract.  Jasso claims 24 Hour did not say anything to him that was not true in order to induce him to sign the contract.

Third, Plaintiffs allege that the severability clause in Wendt's contract and other versions of the contract, which says that if a portion of the contract is declared void, the rest of the contract is still valid, violates the Health Spa Act.  They allege that the language in the contract is inconsistent with the Health Spa Act's requirement that if one provision of the contract is declared void, the entire contract is void.  §702.311(1)

9

states a contract is void if it does not comply with chapter 702.

Section 5(d) of Wendt's contract provides, "If a court declares any part of this agreement invalid, it will not invalidate the remaining parts, which continue unaffected." Wendt claims that this clause in his contract has not impacted him directly nor was he prevented from filing a lawsuit due to this clause.

Fourth, Plaintiffs allege that their contracts limit their ability to seek certain damages in violation of the Health Spa Act. Under §702.503 of the Health Spa Act, a court may award (1) actual damages; (2) equitable relief; (3) punitive damages; or (4) reasonable attorney's fees and court costs to the prevailing party.

Section 8 of Wendt's and Jasso's contracts state "any award by an arbitrator or a court is limited to actual compensatory damages." Their contracts prohibit indirect, special, incidental, or consequential damages. Plaintiffs allege that the Section 8 provision in their contracts limits their ability to seek certain damages from 24 Hour in violation of the Health Spa Act. Wendt and Jasso both claim that they have not been personally harmed by this provision, nor did it stop them from filing suit.

Fifth, Plaintiffs allege that their contracts violate the mandatory language requirements in the Health Spa Act. They state that their contracts fail to include language required by the Health Spa Act. Section §702.304(a)(3)(A) requires that contracts under the Health Spa Act include specific language about the cancellation procedure should the health club go out of business and fail to provide an alternate facility within ten miles of the closed facility or if it moves more than ten miles.

Plaintiffs allege that Section 6(b)(2) of Wendt's contract and other versions of 24 Hour's contracts did not include the required language regarding cancellation. Specifically, their contracts stated that notice of cancellation could be sent to 24 Hour via regular mail, instead of via certified mail. Plaintiffs also allege that some of the contracts failed to include the address to which cancellation notice should be sent.

Plaintiffs state they were not impacted by the omission of the required language to submit notice of cancellation by certified mail. Wendt claims that the fitness facility to which he belonged never closed so he was not impacted by the language in Section 6(b)(2) of his contract regarding cancellation. Both Wendt and Jasso state that it is easier to send mail via regular mail than certified mail.

Plaintiffs allege that some of 24 Hour's contracts violate §702.304(a)(4) of the Health Spa Act, which states the specific language a contract must include regarding the policy and procedure when a member becomes permanently disabled or dies. Plaintiffs allege that in some versions of the contracts some of the required language is omitted and that other language is included. Jasso's contract included the required language, but Wendt's did not. Section 6(b)(1) of Wendt's contract includes language about how prorated refunds will be calculated and that he is "not entitled to any refund after the expiration of the paid period or for used fitness services," which are not part of the required language.

Wendt states that he did not die or become disabled during his membership so he did not seek a refund based on his death or disability. He states that he has no injury

11

associated with this provision of his contract.

Plaintiffs allege that some versions of 24 Hour's contracts violate §702.305 of the Health Spa Act, which states language that a contract must include regarding refund of prepaid dues if the facility does not open or does not remain open for thirty days. Plaintiffs allege that the language in the contracts does not exactly mirror the language in the Health Spa Act. Instead of using the 181st and 361st days as measurements for the time period elapsed, as stated in the Health Spa Act, Section 6(b)(3) of Wendt's contract uses six months and one year, respectively.

Plaintiffs state that the locations of the health clubs they joined were already open and functioning when they joined. Both Wendt and Jasso state that the provision in their contracts regarding refund of prepaid dues if the facility does not open did not apply to them because the locations they joined were open when they became members.

Plaintiffs do not allege facts that indicate Plaintiffs suffered injury. Plaintiffs state throughout their depositions that the provisions of their contracts that they allege violate the Health Spa Act did not impact them. Plaintiffs do not allege facts that indicate they were injured by their contracts' exclusive venue provision, anti-reliance clause, severability clause, or limited damages provision.

Further, they do not allege facts that indicate they were injured by their contracts' failure to include the exact language required by the Health Spa Act. Plaintiffs' health club facility never closed nor moved so the cancellation provisions did not apply to them. Neither Plaintiff died nor became permanently disabled so

the provisions regarding death or disability did not apply to them. The 24 Hour locations Plaintiffs joined were open at the time they signed their contracts so the provisions regarding a facility's failure to open did not apply to them.

Assuming without deciding that Plaintiffs' contracts are void because they violate the Health Spa Act, Plaintiffs must still allege injury in order to have standing to sue. *Pickering*, 2009 WL 7038821; *Ruiz*, 447 F.Supp. 2d at 29; *Sokoloff*, 6 A.D.3d at 10-11; *DeRiso*, 6 A.D.3d at 153; *Melino*, 6 A.D.3d at 172-73. Under §702.501(a)(2) of the Health Spa Act, a seller's violation must cause injury in order for the member to sue. There is no evidence that Plaintiffs did not obtain the benefit of their contract. They paid for access to a gym, and both Plaintiffs state they received access to a gym. Regardless of alleged deficiencies in the contractual language, Plaintiffs received what they bargained for: use of a health club facility. Plaintiffs do not assert facts showing injury other than the money paid to 24 Hour in order to access a gym. Plaintiffs' money paid under their contracts does not constitute injury because they received exactly what they bargained for. *See Sokoloff*, 6 A.D.3d at 186.

Plaintiffs seek a declaratory judgment under the Uniform Declaratory Judgment Act and the Health Spa Act §702.503(2). The Uniform Declaratory Judgment Act is Texas state law. TEX. CIV. PRAC. & REM. CODE ANN. § 37.001; *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 209 n.1 (5th Cir. 1998). Because a request for declaratory relief is procedural, not substantive, the Court applies federal

procedural law. *Rhodes*, 2006 WL 954023 at *4 (internal citation omitted). Thus, the Court does not address Plaintiffs' claim for declaratory relief under Texas law.

Plaintiffs also seek declaratory relief under the Health Spa Act §702.503(2). Plaintiffs have not met the requirements for Article III standing. A person seeking a declaratory judgment can meet the standing requirements for declaratory relief by establishing actual present harm or a significant possibility of future harm. *Bauer*, 341 F.3d at 357. Plaintiffs have not alleged injury so there is no present harm nor possibility of future harm to Plaintiffs. Plaintiffs do not have standing to sue so the Court need not reach the merits of their claim for declaratory relief under the Health Spa Act.

### III.   Conclusion

Because Plaintiffs do not allege any injury, and therefore, do not have standing to sue, the Court's order, dated October 15, 2014, denying Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Standing is **vacated**. The Court **grants** Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Standing. Plaintiffs' claims are **dismissed without prejudice**. Plaintiffs' Motion for Class Certification is **denied as moot**.

**SO ORDERED.**

Signed March 24th, 2015.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE